IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HAROLD L. PLESS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV1022 |
| | ) | |
| STEVE MEDLIN, | ) | |
| | ) | |
| Defendant(s). | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process this complaint. The problems are:

1. Plaintiff does not appear to have named a proper defendant. The only defendant named in the Complaint is Steve Medlin, a private attorney. Section 1983 is not a general tort statute. Instead, it provides a remedy for the "deprivation of any rights, privileges or immunities secured by the Constitution and laws." *See* 42 U.S.C. § 1983. The person that causes such a deprivation must also be acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." *Id.* Furthermore, an attorney is not ordinarily a state actor even in situations where he is appointed by the State. *See Polk County v. Dodson*, 454 U.S. 312, 324 (1981); *Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). Also, the mere misuse of a state statute or legal process is not enough to constitute state action. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982). Petitioner would have to show a conspiracy or joint action with state actors to violate the law so that the actions of the private party can be attributed to the state. *Revis v. Meldrum*, 489 F.3d 273 (6th Cir. 2007)

(dealing with eviction). Plaintiff has not alleged any such facts at this point.

2. Plaintiff has failed to provide a sufficient number of copies. Plaintiff must submit the original, one copy for the Court, and one copy for each defendant named.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 30, 2011