IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HAROLD L. PLESS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV1022 |
| | ) | |
| STEVE MEDLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION, ORDER AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court as a result of Plaintiff's failure to comply with two prior Orders (Docket Entries 6, 8), as well as on Plaintiff's Letter Motion (Docket Entry 9), Plaintiff's Motion to Amend and Supplement Complaint (Docket Entry 11), Defendant Steve Medlin's Motion to Dismiss or, Alternatively, for More Definite Statement (Docket Entry 13), Plaintiff's Motion for Extension of Time (to respond to said Motion to Dismiss) (Docket Entry 20), and Defendant Officer Piller's Motion for Extension of Time to Answer (Docket Entry 21). For the reasons that follow, it is recommended that the Court dismiss this action without prejudice due to Plaintiff's failure to comply with the Court's prior Orders.

BACKGROUND

Plaintiff instituted this action by filing a pro se form Complaint under 42 U.S.C. § 1983 (Docket Entry 2), along with a Declaration and Request to Proceed In Forma Pauperis (Docket Entry

1). Prior to any formal action occurring in the case, Plaintiff filed an Amended Complaint. (See Docket Entry 5.) On December 28, 2011, the Court granted Plaintiff leave to proceed as a pauper subject to certain conditions, including submission of an initial partial payment of $3.33 (calculated based on the record of deposits into his custodial account), and stayed the case to afford Plaintiff the opportunity to make said initial partial payment or to move for relief from the stay during the ensuing 60 days (which motion had to include a statement under penalty of perjury that Plaintiff lacked access to any funds to make said initial partial payment at any time during that 60-day period). (Docket Entry 6 at 2.) Said Order explicitly warned Plaintiff (in bold, all-capitalized type-face) that a failure to comply in a timely fashion would result in dismissal of this case (without prejudice) without any further notice to Plaintiff. (Id. at 3.)

Plaintiff did not submit the initial partial payment or a proper motion seeking relief from stay during the 60-day period. (See Docket Entries dated Dec. 28, 2011, to Feb. 26, 2012.) Instead, Plaintiff belatedly submitted a Letter Motion dated March 3, 2012 (received and docketed by the Clerk on March 7, 2012) whcih stated (in its entirety): "This case no longer Referred for screening, that this matter be relief from stay and service of summons be service." (Docket Entry 9 at 1 (errant grammar and

2

capitalization in original).)  Said Letter Motion did not assert that Plaintiff lacked access to the initial partial payment sum during the 60 days from December 28, 2011, to February 26, 2012; nor did Plaintiff sign it under penalty of perjury.  (See id.)

By Order dated March 5, 2012, the Court found that Plaintiff had failed to comply with the requirement to pay the partial initial payment or to file a proper request for relief from stay and gave him 10 days to do so, on penalty of "dismiss[al] without further notification."  (Docket Entry 8 at 1.)  Plaintiff failed to submit the initial partial payment or a proper request for relief from stay, both during the relevant 10-day period and since.  (See Docket Entries dated Mar. 5, 2012, to present.)  During the relevant 10-day period and since, however, Plaintiff has managed to make other filings, including a Motion to Amended [sic] and Supplement Complaint (Docket Entry 11 (dated Mar. 9, 2012, and docketed Mar. 12, 2012)) and a Motion for Extension of Time to respond to Defendant Medlin's Motion to Dismiss (Docket Entry 20 (dated Apr. 24, 2012, and docketed Apr. 30, 2012)).[1]

---

[1] For reasons not apparent on the Docket, despite the Court's Orders staying this case and Plaintiff's failure to comply with conditions precedent to the lifting of that stay, the Clerk's Office issued summonses for service by the United States Marshals Service first for Defendant Medlin on March 14, 2012 (Docket Entry 10), and then for Defendants Piller, Danny Crow, and Linda Crow on April 5, 2012 (Docket Entry 15).  Defendant Medlin thereafter filed his Motion to Dismiss (Docket Entry 13) and Defendant Piller filed a Motion for Extension of Time to Answer (Docket Entry 21).

DISCUSSION

The Court should dismiss this action without prejudice due to Plaintiff's failure to comply with the two above-cited Orders, which required Plaintiff to submit either the initial partial payment or a proper request for relief from stay. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, [Plaintiff] failed to respond to a specific directive from the court." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

Given Plaintiff's failure in this regard, the Court should dismiss this action. In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action based on a party's failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id.

In this case, Plaintiff bears sole responsibility for the non-compliance, the delay caused by Plaintiff's non-compliance

4

prejudices Defendants' right to adjudication when memories remain fresh, Plaintiff has had adequate time to comply, but has twice ignored the Court's instructions, and no other sanction appears feasible or sufficient. Indeed, as set forth above in the Background section, both prior Orders expressly cautioned Plaintiff that non-compliance would result in dismissal without further notice. In assessing the propriety of dismissal as a sanction, an "explicit warning that a recommendation of dismissal would result from failure to obey [an] order is a critical fact . . . ." Id. More specifically, "[i]n view of the warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id. at 96.

## CONCLUSION

Plaintiff did not comply with the Court's Orders dated December 28, 2011, and March 5, 2012 (Docket Entries 6, 8), despite an express warning in each of those Orders that such non-compliance would result in dismissal without further notice.

**IT IS THEREFORE RECOMMENDED** that this action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER RECOMMENDED** that, in light of the foregoing recommendation of dismissal, Defendant Medlin's Motion to Dismiss or, Alternatively, for a More Definite Statement (Docket Entry 13)

5

be denied as moot.

**IT IS ORDERED** that Plaintiff's Letter Motion (Docket Entry 9) is **DENIED** for failure to comply with the requirements in the Court's Order dated December 28, 2011 (Docket Entry 6).

**IT IS ORDERED** that, in light of the foregoing recommendations and the existence of a stay pursuant to the Orders dated December 28, 2011, and March 5, 2012 (Docket Entries 6, 8), Plaintiff's Motion to Amend and Supplement Complaint (Docket Entry 11), Plaintiff's Motion for Extension of Time (to respond to Defendant Medlin's Motion to Dismiss) (Docket Entry 20), and Defendant Piller's Motion for Extension of Time to Answer (Docket Entry 21) are **DENIED AS MOOT.** Defendants need not take any further action in this case unless and until the Court orders otherwise.

This the 9th day of May, 2012.

                                     /s/ L. Patrick Auld
                                         **L. Patrick Auld**
                           **United States Magistrate Judge**